UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

8:08CV 606-T23 TBM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>ex rel.<br>KENNETH KELLER | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | CASE NO. |
| v. | )<br>) | DIVISION: |
| LINCARE HOLDINGS INC. | )<br>)<br>) | FILED IN CAMERA<br>UNDER SEAL |
| Defendant. | )<br>) | |

**COMPLAINT UNDER THE *QUI TAM* PROVISIONS
OF THE FALSE CLAIMS ACT**

**INTRODUCTION**

1.     This is an action brought by Relator, Kenneth Keller, on behalf of the United States of America, to recover damages and civil penalties against Defendant pursuant to the Federal Civil False Claims Act, Title 31 U.S.C. §§ 3729 et seq., ("FCA").

2.     Relator's *qui tam* action alleges that Defendant Lincare Holdings Inc. has defrauded the government of money by submitting fraudulent claims for reimbursement to government healthcare programs including, Medicare, Medicaid and Tricare, for unapproved and medically unnecessary durable medical equipment supplies in violation of specific government rules and/or regulations. Relator has evidence that Lincare has continued to engage in this fraudulent practice until at least as recently as March 31, 2008.

3.  The FCA provides that any person who submits a false claim to the government is liable for a civil penalty of between $5,500 and $11,000 for each such claim, and three times the amount of the damages sustained by the government. The Act permits persons having information regarding a false or fraudulent claim against the government to bring an action on behalf of the government and to share in any recovery. Pursuant to 31 U.S.C. § 3730(b)(2), this complaint must be filed *in camera* and under seal, without service on the defendant. The complaint remains under seal while the government conducts an investigation of the allegations in the complaint and determines whether to join the action.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action pursuant to Title 31 U.S.C. §§ 3730(b) and 3732(a), which specifically confer jurisdiction on this Court for actions brought pursuant to The False Claims Act.

5.  This Court has personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a), which authorizes nationwide service of process. Defendant can be found in, resides in, or has transacted business in the Middle District of Florida.

6.  Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendant can be found in, resides in, or has transacted business in the Middle District of Florida, and many of the alleged acts occurred in this District.

7.  No allegation set forth in this Complaint is based on a public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or General Accounting Office report, hearing audit, or investigation, or from the news media.

## THE PARTIES

8. Relator, Kenneth Keller, is a resident of Pinellas County, Florida and has been employed by Defendant Lincare as a customer service representative since November 2007.

9. Defendant Lincare Holdings Inc. ("Lincare" or "Defendant") is headquartered in Clearwater, Pinellas County, Florida and operates throughout the United States. Lincare is one of the nation's largest providers of respiratory care, infusion therapy, and medical equipment to patients in the home.

## FACTUAL ALLEGATIONS

10. As a customer service representative, Relator engages in sales activity and facilitates the processing of Lincare's sales orders. A specific area of his responsibility is contacting clients regarding "stale orders," which are orders for durable medical equipment supplies that have not been fulfilled within a seven-day period. Relator contacts these clients to assure they still require the ordered product.

11. After several months at Lincare, Relator saw a trend developing wherein either stale order clients claimed they never placed the original order, or the clients could not be located due to circumstances such as a change in address. Relator experienced this scenario repeatedly for clients serviced by Lincare centers throughout the United States, in which Lincare had delivered unsolicited and unapproved durable medical equipment/supplies to its clients.

12. Rules and/or regulations governing government healthcare programs specifically

prohibit the type of fraudulent activity Lincare has and continues to engage in to this day. For example, Section 3010C of the Medicare Carriers Manual governing durable medical equipment regional carrier billing procedures states in part:

> Suppliers/manufacturers may not automatically deliver DMEPOS [durable medical equipment, prosthetics, orthotics, and supplies] to beneficiaries unless the beneficiary, physician, or designated representative has <u>requested</u> additional supplies/equipment. The reason is to assure that the beneficiary actually needs the DMEPOS . . .

> A beneficiary or their caregiver must specifically request refills of repetitive services and/or supplies before a supplier dispenses them. A supplier may not initiate a refill of an order. The supplier must not automatically dispense a quantity of supplies on a predetermined regular basis . . .

13. Relator's investigation of Lincare's practices revealed that Lincare was violating government rules and/or regulations by automatically sending its clients unsolicited and/or unapproved filters, mask cushions, tubing, and other supplies for durable medical equipment including, but not limited to, CPAP, BiPAP, and Bi-Level machines.

14. For example, computerized sales records revealed that a Lincare field customer service representative, known as B. Clark in Indiana, was responsible for "hundreds" of sales, reimbursed by government healthcare programs, that violated these rules and/or regulations

during a four month period.

15.   As Relator continued his investigation, it became apparent that Lincare's fraudulent activities were not limited to one geographical region. In fact, customer service representatives across the country were improperly sending unapproved durable medical equipment supplies to clients, and Lincare was billing and receiving reimbursement from the government for the majority of these supplies.

16.   During the majority of the time period when Lincare engaged in this practice of improperly billing government healthcare programs for unapproved supplies, Lincare's customer service representatives received commissions based on the amount of equipment and/or supplies that they sent to customers.

17.   Relator reported Lincare's improper practices to Deborah Dillon-Sarra, Lincare's compliance investigator.

18.   Shortly thereafter, Relator learned that Lincare rescinded certain sales responsibilities of its 700 field customer service representatives and consolidated those responsibilities with a 40-person group at Clearwater. Relator believes this action was taken, at least partly, in response to his complaint. Additionally, on February 29, 2008, Ms. Dillon-Sarra distributed a Compliance Alert to all Lincare employees stating that supplies for Medicare patients cannot be shipped without the specific approval of the patients.

19.   Ms. Dillon-Sarra advised Relator that B. Clark had been terminated for sending unapproved supplies to Medicare patients.

20.   As Section 3010C states, the purpose of the Medicare rule requiring a prior request or approval is "to assure that the beneficiary actually needs the DMEPOS." Therefore,

by failing to comply with rules and/or regulations, such as Section 3010C, Lincare has caused government healthcare programs to be billed for supplies that were often times medically unnecessary.

21.     The average sales order for the replacement durable medical equipment supplies at issue is $60. Based upon his observations, Relator believes that the improper sales practice described above was typical of that utilized by Lincare's more than 700 field representatives.

22.     Relator has observed Lincare engaging in the fraudulent practice outlined in this Complaint as recently as March 31, 2008.

23.     The government has suffered actual monetary damage by paying the fraudulent claims submitted by or caused to be submitted by Lincare.

## COUNT ONE
### Violation of False Claims Act, 31 U.S.C. § 3729(a)

24.     Relator realleges and incorporates by reference the allegations of paragraphs 1-23 of this complaint.

25.     This count sets forth claims for treble damages and forfeitures under the federal False Claims Act, 31 U.S.C. §§ 3729-3732, as amended.

26.     As described above, Defendant has submitted fraudulent claims for reimbursement to government healthcare programs including but not limited to Medicare, Medicaid, and Tricare for unapproved and often medically unnecessary durable medical equipment supplies in violation of government rules and/or regulations.

27.     Defendant has knowingly violated:

(a) 31 U.S.C. § 3729(a)(1) by knowingly presenting, or causing to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval and/or

(b) 31 U.S.C. § 3729(a)(2) by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

28. By reason of Defendant's fraudulent activities, the United States has been damaged, and possibly continues to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Relator requests that judgment be entered against Defendant, ordering that:

a. Defendant pay an amount equal to three times the amount of damages the United States has sustained because of Defendant's actions, plus a civil penalty against Defendant of not less than $5,500, and not more than $11,000 for each violation of 31 U.S.C. § 3729;

b. Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

c. Defendant cease and desist from violating the False Claims Act, 31 U.S.C. § 3729 et seq.;

d. Relator be awarded all costs of this action, including attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d); and

e. The United States and Relator be granted all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is requested in this cause.

Dated this 1st day of April, 2008.

                                      ELAINE STROMGREN
Florida Bar No. 0417610
JOHN R. NEWCOMER, JR.
Florida Bar No. 143380
JAMES, HOYER, NEWCOMER &
   SMILJANICH, P.A.
One Urban Centre, Suite 550
4830 West Kennedy Boulevard
Tampa, Florida 33609
Phone: (813) 286-4100
Fax: (813) 286-4174
estromgren@jameshoyer.com

RYAN D. BARACK
Florida Bar No. 0148430
KWALL, SHOWERS &
BARACK, P.A.
133 North Fort Harrison Ave.
Clearwater, Florida 33755
Phone: (727) 441-4947
Fax: (727) 447-3158
rbarack@ksblaw.com

Attorneys for *Qui Tam* Relator