

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. KENNETH KELLER,

    Plaintiff,

vs.

LINCARE HOLDINGS, INC.,

    Defendant.
_____/

Case no. 8:08-cv-606-T-23TBM

**FILED UNDER SEAL**

### UNITED STATES' MEMORANDUM IN SUPPORT OF FIRST EX PARTE APPLICATION FOR EXTENSION OF SEAL ON QUI TAM ACTION AND RELATED FILINGS, AND FOR EXTENSION OF THE UNITED STATES' EVALUATION PERIOD

Plaintiff-Relator Kenneth Keller (Relator), filed this action under the False Claims Act, 31 U.S.C. §§ 3729-33, on or about April 1, 2008, on behalf of the United States. The complaint was served on the United States Attorney General on April 4, 2008. The United States Attorney was served on or about April 2, 2008.

The Relator alleges that the defendant has submitted fraudulent claims to the government for unapproved and medically unnecessary durable medical equipment (DME). In particular, the Relator alleges the defendant submitted claims for DME that neither the defendant's clients, nor their physicians, had ordered.

The False Claims Act permits a relator to bring suit to recover damages allegedly suffered by the United States due to fraud. Under this statute, the action remains under seal for 60 days from service on the United States of the complaint and written disclosure statement. During this 60 day period, the United States may elect to intervene and assume primary responsibility for the litigation. The evaluation time may

be extended at the request of the United States upon a showing of good cause. Good cause exists in this case to extend the evaluation period.

The United States has scheduled the interview of the Relator for June 16, 2008, and is currently is evaluating the Relator's complaint and disclosure statement to determine whether intervention is appropriate. An investigative team is being assembled, and we have requested the government's contractor that maintains custody of claims data for this defendant to provide us with certain documentation relevant to the Relator's complaint.

Congress recognized that the United States would in appropriate cases require additional time in which to make an informed decision on whether to intervene and assume control over a qui tam action. The legislative history acknowledges that the government sometimes is prevented from making an early determination on intervention due to the complexity of the allegations. S. Rep. No. 99-345, 99th Cong., 2d Sess. 25, reprinted in 1986 U.S. Code Cong. & Ad. News 5266, 5290.

Accordingly, the United States requests that the intervention deadline in this case be extended to and including November 28, 2008, and that the complaint and other pleadings be kept under seal during that period. Counsel for the Relator has informed the United States that the Relator has no objection to the requested extension of the seal period and the time in which the United States is permitted to investigate and evaluate the complaint.

## CONCLUSION

For all of the above reasons, the United States respectfully requests that its application for an extension of the seal on this qui tam action, and for extension of the

United States' period of evaluation, be granted.

                                        Respectfully submitted,

                                        Robert E. O'Neill
                                        United States Attorney

                                        /s/ Lacy R. Harwell, Jr.
                                        _____
                                        Lacy R. Harwell, Jr.
                                        Assistant United States Attorney
                                        Florida Bar no. 714623
                                        400 North Tampa St., Suite 3200
                                        Tampa, FL 33602
                                        Ph. (813) 274-6350
                                        Fax (813) 274-6200
                                        Randy.Harwell@usdoj.gov