IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. KENNETH KELLER,

    Plaintiff,

vs.

LINCARE HOLDINGS, INC.,

    Defendant.
_____/

Case no. 8:08-cv-606-T-23TBM

**FILED UNDER SEAL**

## UNITED STATES' MEMORANDUM IN SUPPORT OF SECOND EX PARTE APPLICATION FOR EXTENSION OF SEAL ON QUI TAM ACTION AND RELATED FILINGS, AND FOR EXTENSION OF THE UNITED STATES' EVALUATION PERIOD

Plaintiff-Relator Kenneth Keller (Relator), filed this action under the False Claims Act, 31 U.S.C. §§ 3729-33, on or about April 1, 2008, on behalf of the United States. The complaint was served on the United States Attorney General on April 4, 2008. The United States Attorney was served on or about April 2, 2008. The Court seal and intervention period has been extended once at the Government's request in this matter, most recently for a period of six months to November 28, 2008.

In his complaint, the Relator alleges that he is an employee of the defendant with first hand, personal knowledge of the defendant's interaction with its Medicare patients concerning the shipment of durable medical equipment supplies (DME). The Relator alleges that the defendant has submitted claims to Medicare for DME that was not medically necessary. He alleges that neither the defendant's clients, nor their physicians, order this unnecessary material and further contends that the defendant

1

ships supplies to patients even when the recipients complain to defendant that they no longer need the supplies. According to the Relator, the defendant commonly makes regular shipments of DME to patients who have deceased. The bills to Medicare seeking reimbursement for these unnecessary DME supplies are alleged to be fraudulent for purposes of the False Claims Act.

The False Claims Act permits a relator to bring suit to recover damages allegedly suffered by the United States due to fraud. The action remains under seal for 60 days from service on the United States of the complaint and written disclosure statement. During this 60 day period, the United States may elect to intervene and assume primary responsibility for the litigation. The evaluation time may be extended at the request of the United States upon a showing of good cause. Good cause exists in this case to extend the evaluation period as requested here.

The United States has interviewed the Relator twice during the last reporting period concerning his allegations, and has interviewed ten current or former customers of the defendant who are Medicare beneficiaries and who have received DME supplies from Lincare. We have identified forty additional such witnesses to interview in the coming months, as well as six former employees of the defendant who we reasonably expect may have information concerning the practices that are under investigation. Once we have concluded the witness interviews we intend to examine government billing data to determine the extent that Medicare has been billed and paid for any medically unnecessary equipment and supplies that the defendant has shipped to the customers we have identified. At the appropriate time, we would also expect to ask the Court to grant a partial lift of the Court's seal to approach the defendant with whatever

findings we are able to make as a result of this inquiry.

Congress recognized that the United States would in appropriate cases require additional time in which to make an informed decision on whether to intervene and assume control over a qui tam action. The legislative history acknowledges that the government sometimes is prevented from making an early determination on intervention due to the complexity of the allegations. S. Rep. No. 99-345, 99th Cong., 2d Sess. 25, reprinted in 1986 U.S. Code Cong. & Ad. News 5266, 5290.

Accordingly, the United States requests that the intervention deadline in this case be extended to and including March 27, 2009, and that the complaint and other pleadings be kept under seal during that period. Counsel for the Relator has informed the United States that the Relator has no objection to the requested extension of the seal period and the time in which the United States is permitted to investigate and evaluate the complaint.

## CONCLUSION

For all of the above reasons, the United States respectfully requests that its application for a 120 day extension of the seal on this qui tam action, and for an equivalent extension of the United States' period of evaluation, be granted.

///

Respectfully submitted,

A. Brian Albritton
United States Attorney

_____
Lacy R. Harwell, Jr.
Assistant United States Attorney
Florida Bar no. 714623
400 North Tampa St., Suite 3200
Tampa, FL 33602
Ph. (813) 274-6350
Fax (813) 274-6200
Randy.Harwell@usdoj.gov